UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTINE OBERDORF & <br> ELMER OBERDORF <br>    Plaintiffs, <br><br> v. <br><br> GENPACT SERVICES, LLC, RITE AID <br> OF CONNECTICUT, INC., and ANTHEM <br> HEALTH PLANS, INC. <br>    Defendants | CIVIL ACTION NO. <br><br> JURY TRIAL CLAIMED <br><br><br><br><br> JUNE 15, 2011 |

## COMPLAINT

1. This is a suit brought by two consumers who have been harassed by the defendants' activities concerning an alleged consumer debt that resulted from Defendant Rite Aid of Connecticut, Inc.'s failure to properly process a medical insurance claim on a medical prescription filled for Plaintiff Elmer Oberdorf. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* and includes pendent claims brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. §§ 36a-645 *et seq.*

2. Plaintiff Christine Oberdorf is a natural person residing in Plainfield, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Elmer Oberdorf is a natural person residing in Plainfield, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3) and is the husband of Plaintiff Christine Oberdorf.

4. Defendant Genpact Services, LLC ("Genpact") is a foreign Limited Liability Company engaged in the practice of debt collection in Connecticut and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

5. Defendant Rite Aid of Connecticut, Inc. ("Rite Aid") is a Connecticut corporation based in Pennsylvania that maintains a chain of retail drugstores in Connecticut that provides pharmaceutical prescription services.

6. Defendant Anthem Health Plans, Inc. ("Anthem") is a Delaware corporation that provides health insurance policies to Connecticut residents.

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

8. This Court has jurisdiction over Genpact because it engages in debt collection within Connecticut.

9. This Court has jurisdiction over Rite Aid because it engages in business within Connecticut.

10. This Court has jurisdiction over Anthem because it engages in business in Connecticut.

11. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

12. Up until the end of June 2010, Plaintiffs had maintained a health insurance policy through Anthem; Plaintiffs decided to terminate that policy and instead retain

health insurance coverage through a policy with CIGNA, which policy became effective on July 1, 2010.

13. Around the end of June 2010, Plaintiff Christine Oberdorf visited the Rite Aid store pharmacy where Plaintiffs maintained an account and spoke with one of its representatives, and during that meeting, she informed that representative that Plaintiffs would be covered by an insurance policy with CIGNA effective July 1, 2010, and she provided that representative with the necessary information regarding that policy and told her that any prescriptions should be claimed to that policy effective July 1, 2010.

14. On July 2, 3, and 4, 2010, Plaintiff Elmer Oberdorf had prescriptions filled at the Rite Aid pharmacy referenced in the paragraph above; for at least one of those prescriptions, Rite Aid billed Anthem instead of CIGNA, notwithstanding Plaintiff Christine Oberdorf had specifically instructed Rite Aid to claim those prescriptions to CIGNA and had never instructed Rite Aid to claim them to Anthem.

15. Anthem reimbursed Rite Aid for the aforementioned prescriptions, and when it subsequently determined that Plaintiffs' insurance policy had been terminated prior to the time those prescriptions were filled and claimed by Rite Aid, Anthem proceeded to attempt to recoup and recover from Plaintiffs the amounts it had paid to Rite Aid.

16. In January 2011, Plaintiffs had inquired with Rite Aid about the possibility of coordinating and working with CIGNA to try and resolve the issue; however, Rite Aid was not willing to cooperate with Plaintiffs and instead told them that because it had already been paid for the prescriptions, the account was closed and it was not willing to reopen it.

17. Anthem subsequently retained Defendant Genpact for the purposes of attempting to collect from Plaintiffs money it had paid to Rite Aid for the aforementioned prescriptions.

18. Around the end of April 2011, Plaintiffs received in the mail from Genpact a collection letter that was sent to them in an attempt to collect an alleged debt related to the aforementioned prescriptions; that letter stated that if Plaintiffs disputed the debt in writing within thirty days of having received that letter, Genpact would send Plaintiffs verification of the alleged debt.

19. On May 19, 2011, Plaintiffs sent by certified mail, return receipt requested, a dispute letter to Genpact disputing the alleged debt.

20. Within thirty days from the time Plaintiffs received the aforementioned collection letter, Genpact sent Plaintiffs another collection letter in an attempt to collect the alleged debt and notwithstanding Genpact had yet to provide Plaintiffs with the verification requested in their dispute letter.

21. Genpact violated the FDCPA and CUTPA by its collection activities described above, Anthem violated the CCPA and CUTPA by its collection activities described above, and Rite Aid violated CUTPA by engaging in unfair trade practices, as described above.

WHEREFORE, the Plaintiffs seek from Genpact of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and Plaintiffs seek from Anthem recovery of actual damages, statutory damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and Plaintiffs seek from Rite Aid actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

        PLAINTIFFS, CHRISTINE OBERDORF AND ELMER OBERDORF

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, Fed Bar No. ct02188
    Matthew W. Graeber, Fed Bar No. ct27545
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd., Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457